1

2                        UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF CALIFORNIA
3

4

5

6

7   GREGORY ELL SHEHEE,                    Case No. 1:14 cv 00589 LJO GSA

8              Plaintiff,

9   vs.                                    ORDER DISMISSING FIRST AMENDED
                                           COMPLAINT AND GRANTING PLAINTIFF
10  SGT. FLORES, et al.,                   LEAVE TO FILE A SECOND AMENDED
                                           COMPLAINT
11             Defendants

12                                         SECOND AMENDED COMPLAINT DUE
                                           IN THIRTY DAYS
13

14

15  **I.     Screening Requirement**

16          Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights

17  action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule

18  302 pursuant to 28 U.S.C. § 636(b)(1).

19          "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

20  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

21  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

22  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

23  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

24  claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

25  liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

26  490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

27  supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

28                                          1

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

This action proceeds on the May 5, 2014, first amended complaint.  Plaintiff is  a civil detainee in the custody of the California Department of Mental Health at Coalinga State Prison. Plaintiff's complaint consists of a rambling, disconnected narrative, punctuated with references to an underlying offense that Plaintiff was charged with.  Although unclear from the allegations in the first amended complaint, Plaintiff appears to be challenging some type of disciplinary process at Coalinga State Hospital.   Plaintiff also references access to legal documents and Plaintiff's ability to litigate civil actions that he has filed.  Plaintiff names as Defendants the following individuals:  Chief of Police Carter; Sgt. Maylin; Officer Magayo; Officer Smith; former Litigation Coordinator Villalobos; Unit Supervisor Perryman.

Regarding any challenges to a criminal conviction, Plaintiff is advised that  when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).

As to any challenge to a disciplinary process, Plaintiff is advised that a claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas

corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Regarding any claim regarding access to the courts, Plaintiff is advised that he must allege facts indicating that he has suffered actual injury.  Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to a state constitutional claim.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S. 343 (1996).

To establish a Bounds violation,  prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court."

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth a generalized allegations, and names individual defendants.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to

3

inflict the constitutional injury.'" <u>Id.</u> (quoting <u>Johnson</u> at 743-44).   Plaintiff has not specifically charged each defendant with conduct indicating that they deprived Plaintiff of a protected interest.   The complaint should therefore be dismissed.   Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.   In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.   Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

**III.   <u>Conclusion and Order</u>**

The Court has screened Plaintiff's  first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983.   The Court will provide Plaintiff with the  opportunity to file an amended complaint curing the deficiencies identified by the Court in this  order.   <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff is cautioned that he  may not change the nature of this suit by adding new, unrelated claims in his amended  complaint.   <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.   Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d

at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   __**November 4, 2014**__

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

5